IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

NICO C. COURTNEY,

    Plaintiff,

vs.

OREGON DEPARTMENT OF STATE POLICE, an agency of the State of Oregon; and JIM RAGON,

    Defendants.

Civ. No. 06-6223-TC

OPINION AND ORDER

Coffin, Magistrate Judge:

Defendant Oregon State Police (OSP) submits its bill of costs after prevailing on summary judgment as to all of plaintiff's claims (#100). For the reasons that follow, defendant's bill of costs is allowed.

### Background

Plaintiff brought six claims against OSP, asserting, among other things, violations of Title VII, ORS 659A.030(1) and state

1 Opinion and Order

whistle blowing laws, and for the torts of intentional infliction of emotional distress and wrongful discharge. This court granted defendant OSP's motion for summary judgment on all claims on July 11, 2008.

## Standard

Federal Rule of Civil Procedure 54(d)(1) provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Furthermore, 28 U.S.C. § 1920 provides in relevant part:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case.

"The prevailing party in a civil rights action . . . is in the same position as any other prevailing party with respect to costs available pursuant to 28 U.S.C. § 1920." Goostree v. Tenn., 796 F.2d 854, 864 (6th Cir. 1986).

"By its terms, the rule creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." Ass'n of Mexican-American Educators v. Cal., 231 F.3d 572, 591 (9th Cir. 2000). See also Champion Produce, Inc. v. Ruby Robinson, Inc., 342 F.3d 1016, 1022 (9th Cir. 2003) ("Rule 54(d)(1) creates a presumption in favor of awarding costs to a prevailing party, but the district court may refuse to award costs within its discretion."

2 Opinion and Order

). However, that discretion is not unlimited; the court must "specify reasons" for a denial of costs. <u>Champion Produce</u>, 342 F.3d at 1022; <u>Ass'n of Mexican-American Educators</u>, 231 F.3d at 591-92. The court must explain why the circumstances are not ordinary and why it would be "inappropriate or inequitable to award costs." <u>Id.</u> (quoting <u>Ass'n of Mexican-American Educators</u>, 231 F.3d at 593).[1]

Conversely, the district court need not give affirmative reasons for an <u>award</u> of costs; it "need only find that the reasons for denying costs are not sufficiently persuasive to overcome the presumption in favor of an award." <u>Save Our Valley v. Sound Transit</u>, 335 F.3d 932, 945 (9th Cir. 2003). The Ninth Circuit has never held that a court must specify reasons for abiding by the presumption and taxing costs to the losing party. 335 F.3d at 945. Therefore, when a court states no reason for awarding costs, it is assumed to have acted on the presumption. <u>Id</u>.

Most recently, citing to <u>Save Our Valley</u>, the court in <u>Begley v. County of Kauai</u>, Nos. 06-15801, 06-16554, 2008 WL 2704668 (9th Cir. June 18, 2008), held that the district court did not abuse its discretion by awarding costs to defendants in a civil rights action because Fed. R. Civ. P. 54(d) "creates a 'presumption for awarding costs' to prevailing defendants, and

---

[1] The Ninth Circuit has held that appropriate reasons for denying costs include limited financial resources, misconduct, and the chilling effect on future civil rights plaintiffs of imposing high costs. <u>Champion Produce, 342 F.3d at 1022</u>. In <u>Ass'n of Mexican-American Educators</u>, a refusal was justified partly because of the gravity and effect of the plaintiff's claim on state policy, even though she lost. 231 F.3d at 593.

3 Opinion and Order

[plaintiff] failed to show why costs should not have been awarded."

### Discussion

Plaintiff's objections are not sufficiently persuasive to overcome the presumption in favor of allowing defendant's costs. Plaintiff's vague objections include a "severe chilling effect" on potential civil rights plaintiffs and the disparity of resources between the parties. Plaintiff's objection is not accompanied by any documentation supporting the latter proposition, nor does plaintiff explain how this case is similar to cases like <u>Ass'n of Mexican-American Educators</u>, where a $216,443.67 cost bill was denied in large part because the action had a far-reaching effect on "tens of thousands of Californians" and the record demonstrated that the plaintiffs' resources were limited. 231 F.3d at 593.

The presumption in favor of awarding costs is not overcome in this case. The losing party has offered no proof of limited resources for the bill of $3,227.00, and that amount is far less than the large sums in the aforementioned cases. This court therefore exercises its discretion to award the bill of costs.

### Conclusion

For the foregoing reasons, defendant OSP's cost bill in the amount of $3,227.00 is allowed.

Dated this 25 day of August, 2008.

4 Opinion and Order

_____
THOMAS M. COFFIN

United States Magistrate Judge

5 Opinion and Order